FILED

2022 Jun-17  AM 08:50
U.S. DISTRICT COURT
N.D. OF ALABAMA

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## EASTERN DIVISION

| | | |
|---|---|---|
| **MARLENA DOVE,** an individual; and **DARDA DOVE**, an individual; | ) ) ) | ***JURY TRIAL REQUESTED*** |
| **Plaintiffs,** | ) ) | |
| **vs.** | ) ) | **Civil Action No.:** _____ |
| **EVERETT C. GAINER,** an individual; **CRETE CARRIER CORPORATION,** a foreign corporation, | ) ) ) ) | |
| **Defendants.** | ) | |

## COMPLAINT

### STATEMENT OF THE PARTIES

1.      Plaintiff MARLENA DOVE is an individual over the age of nineteen (19) years who was a resident of Tallapoosa (Haralson County), Georgia at all times relevant hereto.

2.      Plaintiff DARDA DOVE is an individual over the age of nineteen (19) years who was a resident of Tallapoosa (Haralson County), Georgia at all times relevant hereto.

3.      Defendant EVERETT C. GAINER ("Defendant Gainer") is an individual over the age of nineteen (19) years and, upon information and belief, is a resident of Bay Saint Louis (Hancock County), Missouri.  Upon further information

and belief, Defendant Gainer was the driver of the 2021 Freightliner tractor-trailer involved in the April 14, 2022 crash in Cleburne County, Alabama that gave rise to the present action.

4.     Defendant CRETE CARRIER CORPORATION ("Defendant Crete Carrier Corp.") is a Nebraska corporation with its principal place of business in Lincoln, Nebraska. Upon information and belief, Defendant Gainer was an agent, servant, or employee of Defendant Crete Carrier Corp., and was acting within the line and scope of said agency, service and/or employment at all times relevant hereto, such that Defendant Crete Carrier Corp. is vicariously liable for the negligent, reckless, wanton or otherwise wrongful conduct of Defendant Gainer.

## STATEMENT OF JURISDICTION & VENUE

5.     The Court has subject matter jurisdiction over this case, pursuant to 28 U.S.C. § 1332(a)(1), as the matter in controversy exceeds $75,000.00, exclusive of interest and costs, and is between citizens of different States.

6.     The Court has personal jurisdiction over Defendant Gainer, in that he was operating the 2021 Freightliner tractor-trailer involved in the incident made the basis of this case in Cleburne County, Alabama on April 14, 2022.

7.     Venue is appropriate under 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to this claim occurred in Cleburne County, Alabama, which is part of this judicial district.

## FACTUAL ALLEGATIONS

8.     On the afternoon of April 14, 2022, Plaintiff Marlena Dove was driving her vehicle in the left lane of I-20 eastbound in Cleburne County, Alabama near mile marker 205.   Plaintiff Darda Dove was the front-seat passenger traveling in the vehicle with Plaintiff Marlena Dove.

9.     At the same time, Defendant Gainer was operating a 2021 Freightliner tractor-trailer in the right lane of I-20 eastbound.

10.     Upon information and belief, the vehicle being operated by Defendant Gainer was owned by Defendant Crete Carrier Corp.

11.     Upon further information and belief, Defendant Gainer was operating the above-described commercial vehicle in the line and scope of his service, agency, and/or employment with Defendant Crete Carrier Corp. the time of this incident.

12.      As Plaintiffs drove in the left lane of I-20 eastbound near mile marker 205, Defendant Gainer's commercial vehicle pulled alongside and began to pass them in the right-hand lane.

13.     When the rear portion of Defendant Gainer's tractor-trailer was level with Plaintiffs' vehicle, Defendant Gainer suddenly and without warning began to switch from the right to the left lane where Plaintiffs' vehicle was located.

14.     The median divider and lack of shoulder on the left side of the roadway precluded Plaintiffs' ability to avoid the commercial vehicle as moved over into their

lane and collided ("sideswiped") the length of the passenger side of Plaintiffs' moving vehicle.

15.    As a result of this crash, Plaintiff MARLENA DOVE sustained physical injuries and other damages, including, without limitation: injury and pain to her back; lost income; property damage and loss; medical costs and expenses; out-of-pocket costs and expenses; pain and suffering; and mental anguish and emotional distress.

16.    As a further result of this crash, Plaintiff DARDA DOVE sustained physical injuries and other damages, including, without limitation: injury and pain to her neck, back, right hip, and right leg; lost income; medical costs and expenses; out-of-pocket costs and expenses; pain and suffering; and mental anguish and emotional distress.

## COUNT I:
## NEGLIGENT / RECKLESS / WANTON CONDUCT

17.    Plaintiffs re-allege all prior paragraphs of this Complaint as if fully set forth herein.

18.    On April 14, 2022, in Cleburne County, Alabama, Plaintiffs Marlena and Darda Dove each suffered injuries and damages when a commercial vehicle being driven by Defendant Gainer crossed into the lane where Plaintiffs were driving and forcefully collided with the side of Plaintiffs' vehicle as Defendant Gainer

moved at speed down the roadway.

19.     At all times relevant hereto, Defendant Gainer owed the motoring

public, including the Plaintiffs, certain duties of care, to-wit:

    a)  The duty to operate his vehicle in a safe manner and with due caution and circumspection;

    b)  The duty to maintain his lane of travel;

    c)  The duty to refrain from moving into another lane of travel until he first ascertains that such movement can be safely made;

    d)  The duty to keep a proper lookout for other vehicles on the roadway;

    e)  The duty to yield the right-of-way to vehicles traveling in the lane to which he intends to move into or enter; and,

    f)  The duty to comply with the applicable Federal Motor Carrier Safety Administration ("FMCSA") Rules and Regulations and/or Alabama's Rules of the Road.

20.     On April 14, 2022, Defendant Gainer negligently breached the duties

of care owed to the Plaintiffs when he:

    a)  Negligently, recklessly, and/or wantonly operated his vehicle in an unsafe manner and without due caution and circumspection;

    b)  Negligently, recklessly, and/or wantonly failed to maintain his lane of travel;

    c)  Negligently, recklessly, and/or wantonly changed lanes without first ascertaining that he could safely make that maneuver, in violation of Alabama Code § 32-5A-88(1);

    d)  Negligently, recklessly, and/or wantonly failed to keep a proper lookout for other vehicles on the roadway;

e) Negligently, recklessly, and/or wantonly failed to yield the right-of-way to Plaintiffs' vehicle as it lawfully traveled along the left lane of the roadway; and,

f) Negligently, recklessly, and/or wantonly failed to comply with the applicable FMCSA Rules and Regulations and/or Alabama's Rules of the Road.

21. Defendant Gainer's above-stated negligent, reckless and/or wanton breaches of care caused or allowed the commercial vehicle he was operating to collide with the passenger side of Plaintiffs' vehicle as the Plaintiffs lawfully traveled along the roadway.

22. As a proximate consequence of the negligence, recklessness, and/or wantonness of Defendant Gainer, Plaintiff MARLENA DOVE was caused to suffer injuries and damages, including, without limitation:

a) Injuries and pain to her body;

b) Past and future pain and suffering;

c) Past and future medical bills, costs, and expenses;

d) Out-of-pocket costs and expenses;

e) Lost income;

f) Property damage and loss;

g) Lost or diminished enjoyment of life; and,

h) Inconvenience, mental anguish, and emotional distress.

23. As a further proximate consequence of the negligence, recklessness,

and/or wantonness of Defendant Gainer, Plaintiff DARDA DOVE was caused to suffer injuries and damages, including, without limitation:

a) Injuries and pain to her body;

b) Past and future pain and suffering;

c) Past and future medical bills, costs, and expenses;

d) Out-of-pocket costs and expenses;

e) Lost income;

f) Lost or diminished enjoyment of life; and,

g) Inconvenience, mental anguish, and emotional distress.

24.    At all times relevant hereto, Defendant Gainer was the agent, servant, or employee of Defendant Crete Carrier Corp., and was acting within the line and scope of said agency, service and/or employment, such that Defendant Crete Carrier Corp. is vicariously liable for the negligent, reckless, wanton, or otherwise wrongful conduct of Defendant Gainer.

25.    The negligence, recklessness, and/or wantonness of Defendant Gainer combined and concurred with the negligence, recklessness, wantonness, or otherwise wrongful conduct of all other named Defendants, causing Plaintiffs to each suffer injuries and damages as a direct and proximate result.

26.    Plaintiffs demand punitive damages of the Defendants, jointly and severally, for their willful and/or wanton conduct.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff MARLENA DOVE and Plaintiff DARDA DOVE each demand judgment against the Defendants, jointly and severally, for compensatory and punitive damages in an amount to be determined by a struck jury, together with interest from the date of the injury, plus the costs of this action.

## COUNT II:
## RESONDEAT SUPERIOR & AGENCY

27.     Plaintiffs re-allege all prior paragraphs of this Complaint as if fully set forth herein.

28.     On April 14, 2022, in Cleburne County, Alabama, Plaintiffs Marlena and Darda Dove each suffered injuries and damages when a commercial vehicle being driven by Defendant Gainer crossed into the lane where Plaintiffs were driving and forcefully collided with the side of Plaintiffs' vehicle as Defendant Gainer moved at speed down the roadway.

29.     At all times relevant hereto, Defendant Gainer was an agent, servant, or employee of Defendant Crete Carrier Corp. and was acting within the line and scope of said agency, service, or employment on the occasion made the basis of this lawsuit.

30.    Alternatively, Defendant Gainer was acting with the express, implied, and/or apparent authority of Defendant Crete Carrier Corp. at all times relevant hereto.

31.    Consequently, Defendant Crete Carrier Corp. is vicariously liable for the negligent, wanton, reckless, or otherwise wrongful actions or failures to act on the part of Defendant Gainer on the occasion made the basis of this lawsuit under the theories of respondeat superior and agency.

32.    As a proximate result of the negligent, reckless, wanton, or otherwise wrongful conduct of Defendant Crete Carrier Corp., by and through the actions or failures to act of Defendant Gainer on the occasion made the basis of this case, Plaintiff MARLENA DOVE was caused to suffer injuries and damages, including:

a)  Injuries and pain to her body;

b)  Past and future pain and suffering;

c)  Past and future medical bills, costs, and expenses;

d)  Out-of-pocket costs and expenses;

e)  Lost income;

f)  Property damage and loss;

g)  Lost or diminished enjoyment of life; and,

h)  Inconvenience, mental anguish, and emotional distress.

33.    As a further proximate consequence of the negligence, recklessness,

and/or wantonness of Defendant Crete Carrier Corp., by and through the actions or failures to act of Defendant Gainer on the occasion made the basis of this case, Plaintiff DARDA DOVE was caused to suffer injuries and damages, including, without limitation:

      a) Injuries and pain to her body;

      b) Past and future pain and suffering;

      c) Past and future medical bills, costs, and expenses;

      d) Out-of-pocket costs and expenses;

      e) Lost income;

      f) Lost or diminished enjoyment of life; and,

      g) Inconvenience, mental anguish, and emotional distress.

34. The negligence, recklessness, and/or wantonness of Defendant Crete Carrier Corp. combined and concurred with the negligence, recklessness, wantonness, or otherwise wrongful conduct of all other named Defendants, causing Plaintiffs to each suffer injuries and damages as a direct and proximate result.

35. Plaintiffs demand punitive damages of the Defendants, jointly and severally, for their willful and/or wanton conduct.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff MARLENA DOVE and Plaintiff DARDA DOVE each demand judgment against the Defendants, jointly and severally, for compensatory and punitive damages in an amount to be

determined by a struck jury, together with interest from the date of the injury, plus the costs of this action.

## COUNT FOUR:
## NEGLIGENT TRAINING & SUPERVISION

36.     Plaintiffs re-allege all prior paragraphs of this Complaint as if fully set forth herein.

37.     On April 14, 2022, in Cleburne County, Alabama, Plaintiffs Marlena and Darda Dove each suffered injuries and damages when a commercial vehicle being driven by Defendant Gainer crossed into the lane where Plaintiffs were driving and forcefully collided with the side of Plaintiffs' vehicle as Defendant Gainer moved at speed down the roadway.

38.     At all times relevant hereto, Defendant Crete Carrier Corp. owned the vehicle driven by Defendant Gainer and/or had the right of control over use of the motor vehicle driven by Defendant Gainer and involved in the crash made the basis of this case.

39.     Upon information and belief, Defendant Crete Carrier Corp. negligently entrusted operation and use of the commercial vehicle involved in the crash to Defendant Gainer on the occasion made the basis of this lawsuit.

40.     Defendant Crete Carrier Corp. knew, or by the exercise of reasonable care should have known, that Defendant Gainer was incompetent to operate said

vehicle; and/or that Defendant Gainer had a history of violating the Rules of the Road; and/or that Defendant Gainer operated said vehicle in an unsafe manner; and/or that Defendant Gainer was likely to operate said vehicle in a manner involving risk of harm to others.

41.   As a direct and proximate result of Defendant Crete Carrier Corp.'s negligent entrustment of the vehicle to Defendant Gainer on the date of the incident made the basis of this case, Plaintiff MARLENA DOVE was caused to suffer injuries and damages, including:

> a)  Injuries and pain to her body;
>
> b)  Past and future pain and suffering;
>
> c)  Past and future medical bills, costs, and expenses;
>
> d)  Out-of-pocket costs and expenses;
>
> e)  Lost income;
>
> f)  Property damage and loss;
>
> g)  Lost or diminished enjoyment of life; and,
>
> h)  Inconvenience, mental anguish, and emotional distress.

42.   As a further proximate consequence of Defendant Crete Carrier Corp.'s negligent entrustment of the vehicle to Defendant Gainer, Plaintiff DARDA DOVE was caused to suffer injuries and damages, including, without limitation:

> a)  Injuries and pain to her body;

b)  Past and future pain and suffering;

c)  Past and future medical bills, costs, and expenses;

d)  Out-of-pocket costs and expenses;

e)  Lost income;

f)  Lost or diminished enjoyment of life; and,

g)  Inconvenience, mental anguish, and emotional distress.

43.    The negligence, recklessness, and/or wantonness of Defendant Crete Carrier Corp. combined and concurred with the negligence, recklessness, wantonness, or otherwise wrongful conduct of all other named Defendants, causing Plaintiffs to each suffer injuries and damages as a direct and proximate result.

44.    Plaintiffs demand punitive damages of the Defendants, jointly and severally, for their willful and/or wanton conduct.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff MARLENA DOVE and Plaintiff DARDA DOVE each demand judgment against the Defendants, jointly and severally, for compensatory and punitive damages in an amount to be determined by a struck jury, together with interest from the date of the injury, plus the costs of this action.

## JURY DEMAND

**PLAINTIFFS DEMAND A STRUCK JURY
FOR THE TRIAL IN THIS CAUSE OF ACTION**

Respectfully submitted,

Victoria L. Dye (ASB-4887-R77D)
**MORGAN & MORGAN BIRMINGHAM, PLLC**
2317 Third Avenue North, Suite 102
Birmingham, Alabama 35203
P: (659) 204-6363
F: (659) 204-6388
vdye@forthepeople.com
*Counsel for the Plaintiffs*