FILED

2024 May-06  PM 04:40
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## EASTERN DIVISION

| | | |
|---|---|---|
| MARLENA DOVE, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 1:22-cv-00754-SGC |
| | ) | |
| EVERETT C. GAINER, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION & ORDER[1]

This is a personal injury action arising out of a motor vehicle accident. Marlena Dove and Darda Dove assert claims of negligence, wantonness, and negligent training and supervision against Everett C. Gainer and Crete Carrier Corporation. (Doc. 1).[2] Pending before the court is the defendants' motion for partial summary judgment. (Doc. 25). The defendants seek summary judgment in their favor on the plaintiffs' claims for wantonness and negligent training and supervision. (*Id.*). For the reasons stated below, the motion is due to be granted, and the plaintiffs' claims for wantonness and negligent training and supervision are due to be dismissed with prejudice.

---

[1] The parties have consented to the exercise of dispositive jurisdiction by a magistrate judge pursuant to 28 U.S.C. § 636(c). (Doc. 15).

[2] Citations to the record refer to the document and page numbers assigned by the court's CM/ECF electronic document system and appear in the following format: (Doc. __ at __).

**I. Material Facts**[3]

The accident that forms the basis of this action occurred on a two-lane stretch of I-20 East on April 14, 2020.  (Doc. 26-1 at 26-29).  Marlena and Darda were traveling in the left lane in a pickup truck.  (Doc. 26-1 at 27, 29).  Marlena was driving, and Darda was her passenger.  (Doc. 26-1 at 27).  Gainer was traveling in the right lane in a tractor-trailer.  (Doc. 26-1 at 29).  Gainer began merging into the left lane and, as he did so, locked eyes with Marlena in his driver-side mirror.  He continued merging, and the tractor-trailer and pickup truck collided.  (Doc. 26-1 at 28-30).[4]  Marlena believes Gainer hit her on purpose because "drivers do it all the time" to prevent other drivers from getting in front of them.  (Doc. 26-1 at 42).[5]  She conceded when pressed that she did not know why Gainer would have wanted to cause his vehicle to collide with hers because she was "not in his mind."  (Doc. 26-1 at 42).

Gainer had been a commercial truck driver for six years at the time of the accident.  (Doc. 26-3 at 11, 26-27).  He had never been cited for a moving violation.

---

[3] The following facts are undisputed, unless otherwise noted.  They are viewed in the light most favorable to the non-movants, with the non-movants given the benefit of all reasonable inferences.

[4] Gainer remembers things differently.  He testified Marlena was trying to pass him and collided with his tractor-trailer when she prematurely entered his lane of travel.  (Doc. 26-3 at 57-70).  However, the court credits Marlena's version of events for present purposes because, as stated, the facts must be viewed in the light most favorable to the non-movants when ruling on a motion for summary judgment.

[5] Marlena and Darda are commercial truck drivers, themselves.  (Doc. 26-1 at 15; Doc. 26-2 at 12).

He did once damage the driver-side door of a commercial vehicle when the door made contact with a fence as he was backing out of a property. (Doc. 26-3 at 33-39). Additionally, he had been reprimanded and counseled for driving in excess of the hours allowed by the Federal Motor Carrier Safety Administration, known as an hours-of-service violation. However, he was within the hours-of-service limitations at the time of the accident. (Doc. 26-3 at 87-91).

## II. Standard of Review

Under Rule 56 of the *Federal Rules of Civil Procedure*, "[t]he [district] court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). The party seeking summary judgment bears the initial burden of informing the district court of the basis for its motion and identifying those portions of the record the party believes demonstrate the absence of a genuine dispute as to a material fact. *Celotex Corp.*, 477 U.S. at 323. If the moving party carries its initial burden, the non-movant must go beyond the pleadings and come forward with evidence showing there is a genuine dispute as to a material fact for trial. *Id.* at 324.

The substantive law identifies which facts are material and which are irrelevant. *Anderson*, 477 U.S. at 248. A dispute is genuine if the evidence is such that a reasonable jury could return a verdict for the non-movant. *Id.* at 248. If the

3

evidence is merely colorable or not significantly probative, summary judgment is appropriate. *Id.* at 249-50 (internal citations omitted). All reasonable doubts about the facts should be resolved in favor of the non-movant, and all justifiable inferences should be drawn in the non-movant's favor. *Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1115 (11th Cir. 1993).

## III. Discussion

### A. Wantonness Claim

"To hold a defendant liable for wanton conduct in Alabama, a plaintiff must establish a high degree of culpability." *Craft v. Triumph Logistics, Inc.*, 107 F. Supp. 3d 1218, 1220 (M.D. Ala. 2015). "While negligent conduct is characterized by inattention, thoughtlessness, or heedlessness and a lack of due care, wantonness is characterized by a conscious act." *Id.* (internal quotation marks and citation omitted). Wantonness requires proof of "the conscious doing of some act or the omission of some duty while knowing of the existing conditions *and* being conscious that, from doing or omitting to do an act, injury will likely or probably result." *Ex parte Essary*, 992 So. 2d 5, 9 (Ala. 2007) (citing *Bozeman v. Central Bank of the South*, 646 So. 2d 601, 603 (Ala. 1994)). The "most crucial" element of a wantonness claim is knowledge injury will likely or probably result from an act or omission. *Roberts v. Brown*, 384 So. 2d 1047, 1048 (Ala. 1980). "Knowledge need not be proven directly but may be inferred from the facts of the case." *Klaber v. Elliott*, 533 So. 2d 576, 579 (Ala. 1988). But the inference must be a legitimate one.

4

*Roberts*, 384 So. 2d at 1048.  "[I]t may not be left to the conjecture or speculation of the jury." *Id.*

Evidence a driver actually saw a vehicle slowing in front of him at a yellow or red light and accelerated toward the vehicle is sufficient to submit the question of wantonness to a jury.  *T&J White, LLC v. Williams*, 375 So. 3d 1225, 1230 (Ala. 2022).  By contrast, evidence a driver simply failed to look to his left before merging into the left lane is not sufficient to submit the question of wantonness to a jury. *Craft*, 107 F. Supp. 3d at 1221-23.  The evidence on which the wantonness claim asserted by Marlena and Darda hinges is Marlena's testimony Gainer locked eyes with her in his driver-side mirror *as* he was merging into the left lane (her lane).[6] This testimony does not show Gainer realized Marlena and Darda were in the left lane before he started merging into the left lane and proceeded with the lane change anyway.  At most, it shows that after Gainer became aware Marlena and Darda were in the left lane, he did not attempt to reverse the course he already had set in motion. As such, the evidence falls somewhere in between the evidence held sufficient to support a wantonness claim in *T&J White* and the evidence held insufficient to support a wantonness claim in *Craft* but, in the court's estimation, decidedly closer

---

[6] Marlena's testimony she personally believed Gainer hit her on purpose because "drivers do it all the time" to prevent other drivers from getting in front them is not competent evidence of Gainer's state of mind at the time of the accident.  The plaintiffs cannot rely on a generalization to establish the knowledge element of their wantonness claim.  Marlena herself conceded as much when she testified she did not know why Gainer would have wanted to cause his vehicle to collide with hers because she was "not in his mind."  (Doc. 26-1 at 42).

to the latter.  The court does not believe a reasonable jury could infer from Marlena's testimony that Gainer knew he was engaging in a maneuver likely or probable to injure Marlena or Darda.

### B. Negligent Training and Supervision Claim

Under Alabama law, the torts of negligent training and supervision require a plaintiff to show an employer knew or should have known its employee was incompetent.  *See, e.g., Buckentin v. SunTrust Mortg. Corp.*, 928 F. Supp. 2d 1273, 1288 (N.D. Ala. 2013) (negligent supervision); *Armstrong Bus. Servs. v. AmSouth Bank*, 817 So. 2d 665, 682 (Ala. 2001) (negligent supervision); *Big B, Inc. v. Cottingham*, 634 So. 2d 999, 1002-03 (Ala. 1993) (negligent training and supervision), *abrogated on other grounds recognized by Horton Homes, Inc. v. Brooks*, 832 So. 2d 44 (Ala. 2001).  A driver is incompetent if he is "unable or unlikely to [] operate[] [a] motor vehicle with reasonable safety due to one of several characteristics or conditions, including general incompetence or habitual negligence."  *Edwards v. Valentine*, 926 So. 2d 315, 322 (Ala. 2005) (internal quotation marks omitted).  "More specifically, proof may be established by evidence of previous acts of negligent or reckless driving, previous accidents, or previous acts of driving while intoxicated."  *Id.* (internal quotation marks, punctuation, and emphasis omitted); *see also Halford v. Alamo Rent-A-Car, LLC*, 921 So. 2d 409, 413-14 (Ala. 2005) ("[T]he incompetence of a driver is measured by the driver's demonstrated ability (or inability) to properly drive a vehicle.").

6

The evidence shows Gainer at fault for no more than one accident in the six years he had worked as a commercial truck driver as of April 2020, and while he had been reprimanded and counseled for hours-of-service violations, he was within the hours-of-service limitations at the time on the accident. This is not sufficient to create a genuine issue of material fact regarding Gainer's competence as a driver. *See, e.g., Thompson v. Havard*, 235 So. 2d 853, 857 (Ala. 1970) (" '[P]roof of only one previous traffic violation is grossly inadequate to establish incompetency.'") (quoting *Broesche v. Bullock*, 427 S.W. 2d 89, 93 (Tex. Civ. App. 1968)); *Vines v. Cook*, 2015 WL 8328675, at *6 (S.D. Ala. Dec. 8, 2015) (holding that, as a matter of law, one speeding ticket and one accident did not render commercial driver incompetent). Moreover, the plaintiffs do not contend otherwise. They do not oppose the dismissal of their negligent training and supervision claims. (Doc. 31 at 1 n.1).

## IV. Conclusion

For the reasons stated above, the defendants' motion for partial summary judgment (Doc. 25) is **GRANTED**, and the plaintiffs' claims for wantonness and negligent training and supervision are **DISMISSED WITH PREJUDICE**.

**DONE** this 6th day of May, 2024.

STACI G. CORNELIUS
U.S. MAGISTRATE JUDGE

7